THE STATE OF INDIANA, ON THE RELATION OF CURT A. MOORE v. THE SUPERIOR COURT OF SHELBY COUNTY, INDIANA, AND THE HONORABLE GEORGE R. TOLEN, JR., JUDGE THEREOF.

[No. 1074S215.  Filed January 6, 1975.]

*Bob Good,* of Shelbyville, for relator.

*George B. Tolen,* Judge, of Shelbyville, for respondent.

## ORIGINAL ACTION

ARTERBURN, J.—This original action arises from a juvenile proceeding originating in Shelby County, Indiana. Curtis A. Moore, a juvenile, age 17, of Hinsdale, Illinois, was apprehended in Shelby County, having engaged in the trafficking and sale of 3,000 capsules of secobarbital. Also involved were a 17 year old female and two adult males. Moore was adjudged a delinquent and committed to the Indiana State Farm for a term of six months. He brings this original action challenging the right of the juvenile court to commit him to the Indiana State Farm.

The statute providing for commitment to the Indiana State Farm reads in pertinent part:

> "It shall be the duty of all Judges of Circuit, Superior, Criminal and City Courts to commit thereto, so far as the capacity of the institution will permit, all male persons who are above the age of commitment to the Indiana Boys' School. . . ." (emphasis added) IC 1971, 11-2-5-4, [Burns Ind. Ann. Stat. § 13-507 (1956 Repl.)].

At the same time, a statute provides that only persons between the ages of 7 and 18 may be committed by the court to the custody of Indiana Boys' School. IC 1971, 11-3-1-2, [Burns Ind. Ann. Stat. § 13-910 (1956 Repl.)].

The respondent judge cites the following statutes:

> "If the [juvenile] court shall find that the child comes within the provisions of this act [§§ 9-3201—9-3225], it may by order duly entered, proceed as follows:
>
> (1) Place the child on a probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court may determine.
>
> (2) Commit the child to any suitable public institution or agency, which shall include, but is not limited to, the state institutions for the feebleminded, epileptic, insane, or any other hospital or institution for the mentally ill, or commit the child to a suitable private institution or agency incorporated or organized under the laws of the state, and authorized to care for children or to place them in suitable approved homes. * * *" IC 1971, 31-5-7-15 [Burns Ind. Ann. Stat. § 9-3215 (1956 Repl.)].

In the face of the statutes previously cited regarding commitment to the Boys' School and the State Farm, we do not find within the words of this statute any authority for the commitment by a juvenile court of a delinquent seventeen-year-old to the State Farm.

We are sympathetic with the feeling of the respondent court that in this case of aggravated drug trafficking commitment to the Indiana Boys' School is not a sufficient solution of the problem here. At the Boys' School there is no place for strict confinement and, as is conceded, any juvenile of the age of this delinquent so committed there may walk away with little if any interference.

Of course, the respondent judge in this case could have waived juvenile jurisdiction to the criminal court, and this juvenile thereupon would have been subject to a determinate sentence of not less than five years nor more than 20 years under the criminal statute. IC 1971, 35-24.1-4-1 [*Burns Ind. Ann. Stat.* § 10-3561 (1974 Supp.)]. We need not belabor the question where it is apparent that nothing but an unhappy solution is permissible. This court does not make the laws applicable to juveniles of the age of the delinquent in this case. The Legislature has those problems. Not all solutions to our social problems lie with the judiciary.

For the reasons stated, the temporary writ heretofore granted is made permanent.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 321 N.E.2d 204.