736 N.E.2d 1274 (2000)
A.D., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A05-0005-JV-203.
Court of Appeals of Indiana.
October 25, 2000.
*1275 Mark Small, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.
Karen M. Freeman-Wilson, Attorney General of Indiana, Robin Hodapp-Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
ROBB, Judge
Following a dispositional hearing, the juvenile court found A.D. to be in violation of her probation and suspended commitment and placed her in care of the Indiana Department of Correction for three months. She now appeals. We affirm.

Issue
A.D. raises the following consolidated and restated issue for our review: Whether the juvenile court properly entered a dispositional order committing her to the Indiana Girls School for three months.

Facts and Procedural History
The facts reveal that on February 19, 1997, the juvenile court adjudicated A.D. to be a delinquent child for committing the "status offense" of being a runaway[1] and placed her on probation with the following conditions: (1) that she participate in individual and family counseling and follow any recommendations; (2) have a psychological evaluation and follow any recommendations; (3) have a 7:00 P.M. daily curfew unless she was with her mother; and (4) have no contact with anyone her mother did not approve of. On March 18, 1997, the juvenile court found A.D. to be in violation of her probation and entered a dispositional order which continued her probation with special conditions. On July 2, 1997, the juvenile court again found A.D. to be in violation of her probation and ordered suspended commitment at the Indiana Girls School and continued probation.
The juvenile court on September 16, 1997, found A.D. to be in violation of her probation and suspended commitment and entered a dispositional order committing her to the Indiana Girls School for three months pursuant to the previously suspended commitment. After she had served her commitment at the Indiana Girls School, the juvenile court on December 16, 1997, placed A.D. on probation and suspended commitment with special conditions. On January 13, 1998, the juvenile court found A.D. to be in violation of her probation and suspended commitment and again ordered commitment to the Indiana Girls School for three months. After A.D. served her commitment, the juvenile court placed her on probation and suspended commitment. On January 31, 2000, the juvenile court found A.D. to be in violation of probation and suspended commitment and entered a dispositional order committing her to the Indiana Girls School for three months. This appeal ensued from A.D.'s most recent commitment.

Discussion and Decision

I. Standard of Review
The choice of a specific disposition for a juvenile adjudicated to be a delinquent is within the discretion of the *1276 juvenile court, subject to the statutory considerations of the welfare of the child, the safety of the community, and the code's policy of favoring the least harsh disposition. See Ind.Code § 31-34-19-6. We may overturn A.D.'s disposition order only if we find the court has abused its discretion because its conclusion and judgment are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Matter of L.J.M., 473 N.E.2d 637, 640 (Ind.Ct.App.1985).

II. Mootness
Our initial inquiry is to determine whether the doctrine of mootness precludes us from addressing A.D.'s claim. The State argues that the issue before us is moot because A.D. has already served her three-month sentence at the Indiana Girls School, and thus, "any opinion issued on this case would be advisory." Brief of Appellee at 3.
The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. Matter of Lawrance, 579 N.E.2d 32, 37 (Ind.1991). When the controversy at issue in a case "has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed." Dunn v. State, 163 Ind. 317, 321, 71 N.E. 890, 891 (1904). Although Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies, the Indiana Constitution does not contain any similar restraint. Matter of Lawrance, 579 N.E.2d at 37. However, Indiana appellate courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." Id. Cases found to fall within this exception typically contain issues likely to recur. Id.
In the present case, the juvenile court ordered A.D. to serve three months at the Indiana Girls School. R. 177. Such a short-term commitment at a correctional facility will always result in issues becoming stale on appeal. Therefore, we will address the merits of A.D.'s claim.

III. Disposition Order
A.D. contends that the juvenile court erred in entering a disposition order committing her to three months at the Indiana Girls School because a family friend offered to take charge of her, a lesser dispositional alternative than commitment at a correctional facility. We disagree.
Our supreme court has briefly described the nature of the juvenile system in Indiana, stating that:
The nature of the juvenile process is rehabilitation and aid to the juvenile to direct his behavior so that he will not later become a criminal. For this reason the statutory scheme of dealing with minors is vastly different than that directed to an adult who commits a crime. Juvenile judges have a variety of placement choices for juveniles who have delinquency problems, ranging from a private home in the community, a licensed foster home, a local juvenile detention center, to State institutions such as the Indiana Boys School and Indiana Girls School. None of these commitments are considered sentences. A child can become a juvenile delinquent by committing acts that would not be a violation of the law if committed by an adult, such as incorrigibility, refusal to attend public school, and running away from home. A child can also become a delinquent by committing acts that would be a crime if committed by an adult. In the juvenile area, no distinction is made between these two categories. When a juvenile is found to be delinquent, a program is attempted to deter him from going further in that direction in the hope that he can straighten out his life before the stigma of criminal conviction and the *1277 resultant detriment to society is realized.
Jordan v. State, 512 N.E.2d 407, 408-09 (Ind.1987). The Indiana General Assembly has enacted different statutory provisions to govern juveniles who are adjudicated delinquent for committing acts which would be offenses if committed by an adult and juveniles who are adjudicated delinquent for committing "status offenses" and are in need of care, treatment, or rehabilitation.[2]See Ind.Code §§ 31-37-1-1 et seq. ("criminal offenses"); see also Ind.Code §§ 31-37-2-1 et seq. ("status offenses"). Here, the juvenile court has adjudicated A.D. a delinquent for committing only status offenses. Thus, our inquiry is limited to the law governing a juvenile committing a "status offense."
Indiana Code section 31-37-2-1 provides that:
A child is a delinquent child if, before becoming eighteen (18) years of age, the child:
(1) commits a delinquent act described in this chapter; and
(2) needs care, treatment, or rehabilitation that:
(A) the child is not receiving;
(B) the child is unlikely to accept voluntarily; and
(C) is unlikely to be provided or accepted without the coercive intervention of the court.
In the present case, A.D., pursuant to a plea agreement, admitted to violating the terms of her probation and suspended commitment. R. 138. On January 31, 2000, the juvenile court held a dispositional hearing pursuant to Indiana Code section 31-37-18-1. This statutory provision provides that:
The juvenile court shall hold a dispositional hearing to consider the following:
(1) Alternatives for the care, treatment, rehabilitation, or placement of the child.
(2) The necessity, nature, and extent of the participation by a parent, a guardian, or a custodian in the program of care, treatment, or rehabilitation for the child.
(3) The financial responsibility of the parent or guardian of the estate for services provided for the parent or guardian or the child.
After conducting the dispositional hearing, the juvenile court accepted the plea agreement and committed A.D. to the Indiana Girls School for three months. R. 138-39. Under certain circumstances, the juvenile court may order a delinquent child who has committed a "status offense" to the care of the Indiana Department of Correction. According to Indiana Code section 31-37-22-5:
If:
(1) a child is placed in a shelter care facility or other place of residence as part of a court order with respect to a delinquent act under IC XX-XX-X-X;
(2) the child received a written warning of the consequences of a violation of the placement at the hearing during which the placement was ordered;
(3) the issuance of the warning was reflected in the records of the hearing;
(4) the child is not held in a juvenile detention facility for more than twenty-four (24) hours, excluding Saturdays, Sundays, and legal holidays, before the hearing at which it is determined that the child violated that part of the order concerning the child's placement in a shelter care facility or other place of residence; and
*1278 (5) the child's mental and physical condition may be endangered if the child is not placed in a secure facility;
the juvenile court may modify its disposition order with respect to the delinquent act and place the child in a public or private facility for children.
Furthermore, Indiana Code section 31-27-22-7 provides that "[i]f the juvenile court modifies its disposition order under section 5 or 6 of this chapter, the court may order the child placed under one (1) of the following alternatives: ... (5) As a ward of the department of correction for housing in any correctional facility for children...."
A.D. does not contest that fact that the juvenile court was vested with the authority to commit her to the Indiana Girls School or that the statutory requirements of Indiana Code section 31-37-22-5 were satisfied for her placement in such a correctional facility. Rather, A.D. argues that her placement in the Indiana Girls School was not the least restrictive option available to the juvenile court. During the dispositional hearing, A.D. requested that the juvenile court place her in the care of a family friend instead of committing her to the Indiana Girls School. R. 174. In contrast, the probation department recommended that A.D. be committed to a correctional facility for children for three months. R. 177. Indiana Code section 31-34-19-6 provides that:
If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
(1) is:
(A) in the least restrictive (most family like) and most appropriate setting available....
A juvenile court is vested with flexibility in determining the appropriate dispositional alternative to impose on a juvenile who is adjudged to be delinquent. Madaras v. State, 425 N.E.2d 670, 671 (Ind.Ct.App.1981) (finding that flexibility provided by juvenile system in dealing with juvenile problems is of primary importance). Although options other than commitment to an institution are available for juvenile courts to utilize in dealing with a juvenile, there are times when commitment to a suitable public institution is in the "best interest" of the juvenile and of society. In Matter of Jennings, 176 Ind. App. 277, 375 N.E.2d 258, 262 (1978). It appears from the record that the juvenile court did not believe that the placement of A.D. in the home of a family friend would be in the "best interest" of A.D. and of society after reviewing the numerous instances A.D. had been found to have violated her probation and suspended commitment. We cannot say that the trial court abused its discretion, and thus, we hold that the trial court properly committed A.D. to the Indiana Girls School for three months.

Conclusion
Based on the foregoing, we hold that although A.D.'s issue is moot for our review, we will address the merits of her claim because of the short-term nature of her commitment at the Indiana Girls School. Moreover, we hold that the juvenile court did not err in entering a dispositional order committing A.D. to the Indiana Girls School for three months.
Affirmed.
MATHIAS, J., and MATTINGLY, J., concur.
NOTES
[1] Ind.Code § 31-37-2-2.
[2] We note that "status offenses" are defined by Indiana statute as: (1) running away from home; (2) truancy from school; (3) habitual disobedience of parents, guardian, or custodian; (4) curfew violation; and (5) violation of Indiana Code chapter 7.1-5-7 regarding minors and alcohol. See Ind.Code §§ 31-27-2-2 to -6.