Christopher THURMAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–0211–CR–946.

Court of Appeals of Indiana.

Aug. 19, 2003.

Barbara J. Simmons, Batesville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Christopher Thurman, challenges the sufficiency of the evidence supporting his conviction for carrying a handgun without a license as a Class A misdemeanor.[1]

We affirm.

The facts in the light most favorable to the conviction reveal that on May 30, 2002, Officer Michael Watkins of the Indianapolis Police Department stopped a car for speeding. The driver of the car, later identified as Thurman, told Watkins that he did not have his driver's license with him. Watkins asked Thurman to step out of the car and told him to wait in the back of Watkins's patrol car. The passenger in the car told Watkins that the driver's name was Christopher Thurman. Thurman told Watkins that his name was Christopher Thomas and gave Watkins a false date of birth and social security number.

When Watkins checked this information with dispatch, it did not "match up." Transcript at 12. When confronted with the inconsistencies in his identification, Thurman at first claimed to be from Mississippi, but the police still could not identify him. Eventually, Thurman admitted that his name was Christopher Thurman and said that he was "just scared." *Id.* at 13. Thurman gave Watkins a different social security number and date of birth. Although the social security number was correct, Thurman stated he was born in 1984, instead of 1983, which is what dispatch told Watkins was Thurman's date of birth. Dispatch also informed Watkins that Thurman did not have a license to drive and that the car had been rented by someone other than Thurman or his passenger.

Watkins placed Thurman under arrest for refusing to identify himself, and let the passenger go. Before towing the vehicle away, Watkins performed an inventory search of the car and discovered a plastic sack in the back seat on the passenger's side. The bag contained a t-shirt and something "sticking out of the top." *Id.* at 15. When he picked the bag up, Watkins discovered that it contained a handgun. When Thurman was unable to produce a

---

1. Ind.Code § 35-47-2-1 (Burns Code Ed. Repl.1998); Ind.Code § 35-47-2-23(c) (Burns Code Ed. Repl.1998).

permit for the handgun, he was also placed under arrest for carrying a handgun without a license. On May 31, 2002, the State charged Thurman with refusal to provide identification and carrying a handgun in a vehicle without a license.

At trial, Thurman testified that the car which he had been driving had been rented by his mother, who let him use the car. Dejuan Pearson, one of Thurman's witnesses, testified that he had been traveling with Thurman and his mother and had left the bag with the shirt and gun in the car. Pearson admitted that the gun was his and testified that he did have a permit to carry the weapon. The trial court found Thurman guilty as charged.

The State and Thurman claim that the resolution of this case depends upon whether Thurman was in constructive possession of the handgun. *See* Appellant's Br. at 9; Appellee's Br. at 3. This is not necessarily so. We recognize that several cases involving convictions for carrying a handgun which was found in a vehicle have been decided upon the grounds of constructive possession. *See e.g., Henderson v. State,* 715 N.E.2d 833 (Ind.1999).[2] *Cf. State v. Hill,* 688 N.E.2d 1280 (Ind.Ct.App. 1997) (noting that the same circumstantial evidence used to establish constructive possession of a handgun might be used to establish proof of carrying a handgun in a vehicle), *trans. denied.*

▌ Be that as it may, Thurman was charged with carrying a handgun in a vehicle without a license. *See* Appellant's Appendix at 16. As held by this court in *Klopfenstein v. State,* 439 N.E.2d 1181, 1184 (Ind.Ct.App.1982), to establish this offense, the State must prove that a hand-

gun was found in a vehicle and that the defendant had control of either the weapon *or of the vehicle with knowledge of the weapon's presence.* In addition, it must be established that there was an intention to convey or transport the weapon. *Id. See also D.C.C. v. State,* 695 N.E.2d 1015, 1016 (Ind.Ct.App.1998); *Ferrell v. State,* 656 N.E.2d 839, 842 (Ind.Ct.App.1995). Although the presence of a passenger in a car in which a handgun is being transported is insufficient to find that passenger guilty of carrying a handgun in a vehicle, the driver of a vehicle is in violation of the statute if he conveys a handgun in the vehicle regardless of whether it is on or about his person. *Klopfenstein,* 439 N.E.2d at 1185. Knowledge of the presence of the handgun is all that is required. *Id.*

▌ In the case at bar, there is no argument that Thurman was driving the car. In addition, Thurman testified that he knew there was a gun in the car, though he claimed that it was not his. This is sufficient to establish the element of intention to convey. *See Id.* at 1184–85 (evidence that defendant was driving car shortly before it was stopped by police and in which police discovered two handguns was sufficient to establish element of intention to convey). This is also sufficient to establish that he had control of the vehicle with knowledge of the handgun's presence.[3] In short, the evidence is sufficient to support Thurman's conviction for carrying a handgun in a vehicle without a license.

▌ Thurman also makes reference to some statements made by the trial court which could indicate that the trial court

---

**2.** It should be noted, however, that the defendant in *Henderson* was charged with carrying the handgun on or about his person, not in a vehicle. 715 N.E.2d at 835.

**3.** As Thurman admitted that he knew the gun was in the car, there is no need to establish such knowledge by circumstantial evidence.

was concerned over whether the State had proven him guilty beyond a reasonable doubt. We presume that trial courts know and follow the applicable law. *Moran v. State*, 622 N.E.2d 157, 159 (Ind.1993). It is black letter law that the Due Process Clause of the Fourteenth Amendment requires that a conviction be supported by proof beyond a reasonable doubt of every element necessary to constitute the crime charged. *Anderson v. State*, 681 N.E.2d 703, 707 (Ind.1997) (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). Therefore, for the trial court to have concluded that Thurman was guilty, it must have necessarily believed that the State proved the elements of the crime charged beyond a reasonable doubt.

The judgment of the trial court is affirmed.

BAKER, J., and DARDEN, J., concur.