## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2017, 5:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise L. Turner
DTurner Legal, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allyson B. Allen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 20, 2017

Court of Appeals Case No.
30A04-1702-CR-268

Appeal from the Hancock Superior Court 2

The Honorable Dan E. Marshall, Judge

Trial Court Cause No.
30D02-1602-CM-241

**Mathias, Judge.**

[1] The Hancock Superior Court found that Allyson B. Allen ("Allen") violated the terms of her probation and ordered her to serve her previously suspended

sentence in the Hancock County Jail. Allen appeals and presents two issues, which we restate as: (1) whether the trial court denied her right to counsel, and (2) whether the trial court applied the correct burden of proof.

We affirm.

## Facts and Procedural History

On February 11, 2016, the State charged Allen[1] with one count of Class C misdemeanor operating a motor vehicle while intoxicated and one count of Class A misdemeanor operating a motor vehicle while intoxicated endangering a person. At the initial hearing held the following day, Allen pleaded guilty to the Class A misdemeanor charge, and the State dismissed the Class C misdemeanor charge. The trial court sentenced Allen to 365 days, all suspended to probation.

Allen later reported to her probation officer, who went over the terms and conditions of Allen's probation. Allen signed the terms and conditions, indicating that she understood them. One of the conditions of Allen's probation was that Allen not be arrested for another crime and that, if she were arrested, to notify the Hancock County Probation Department within forty-eight hours of the arrest. Allen was also required to attend a "Victim Impact Panel" on November 15, 2016.

---

[1] At the time of her conviction, Allen's surname was Hancock. During her probationary period, she was married and changed her last name to Allen.

On October 16, 2016, the Shelbyville Police Department ("SPD") received a report of a woman at a gas station who appeared to be intoxicated or impaired. Officer Glen Jennings ("Officer Jennings") of the SPD was dispatched to the scene to investigate. While Officer Jennings was on his way to the gas station, the SPD received another call that the impaired woman had walked to her car by the fuel pumps and passed out. The caller gave the police a description of the vehicle and the license plate number

When he arrived at the gas station, Officer Jennings observed a vehicle matching the description given by the caller. The car was parked next to the fuel pumps with the door open. A woman, later identified as Allen, was sitting in the car with her legs hanging out of the door. As Officer Jennings approached the car, he noted that the keys were in the ignition and the engine was running. The fuel pump was beeping because it had been left unattended for some time. Allen was "nodding in and out." Tr. Vol. 1, p. 25. Officer Jennings stood in front of Allen for a few moments before she recognized that he was there. She got out of her car and spoke with Officer Jennings. Allen identified herself by giving Officer Jennings her driver's license. Allen had trouble maintaining her balance and was slurring her words. Because she appeared to be impaired, Officer Jennings asked Allen to undergo field sobriety testing. Allen had difficulty understanding Officer Jennings's instructions, and he had to repeat them several times.

[7] Allen failed two of the three field sobriety tests.[2] Officer Jennings suspected that Allen was under the influence of opiates because, in addition to her impairment, her voice was raspy and she repeatedly said that she was thirsty. Officer Jennings testified that dry mouth is a common side effect of opiate use.

[8] Allen was taken to the hospital for a blood draw. She admitted to taking the drug Klonopin.[3] Allen was subsequently arrested for operating a motor vehicle while intoxicated. Allen never informed the Hancock County Probation Department about her Shelby County arrest. Allen also failed to attend the Victim Impact Panel as required, nor did she call with an explanation as to why she failed to attend.

[9] On October 18, 2016, the Hancock County Probation Department filed a petition to revoke Allen's probation. The petition alleged that Allen violated the terms of her probation by being arrested in Shelby County for operating a vehicle while intoxicated. At an initial hearing held on November 7, 2016, the trial court noted that it had "advised everyone of their rights" earlier that day. Tr. Vol. 2, p. 5. It also explained the difference between a criminal trial and the probation revocation hearing Allen would be facing, including the fact that the State's burden of proof would be a preponderance of the evidence instead of

---

[2] Allen passed the horizontal-gaze nystagmus test, but failed the walk-and-turn test and the one-leg stand test. Appellant's App. p. 15.

[3] Klonopin is a brand name for the drug clonazepam, which is a benzodiazepine central-nervous-system depressant used to treat seizures and anxiety. *See* Clonazepam, PubMed Health https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0009677/

beyond a reasonable doubt. *Id.* Allen was released on bond. On November 7, 2016, the State filed another petition to revoke Allen's probation alleging that Allen failed to attend the Victim Impact Panel as required. The trial court set the matter for a hearing on January 4, 2017.

[10]   At the January 4 hearing, the trial court advised Allen of her rights, including: "you have the right to counsel, in the event you cannot afford counsel, one will be appointed for you[.]" Tr. Vol. 1, p. 6. Allen denied the allegations in the petition to revoke her probation. When asked if she was ready to proceed, Allen said that she was not. The State requested that the trial court hold a hearing on both petitions to revoke at a later date. The court then scheduled a contested probation revocation hearing for January 11, 2017. Before adjourning, the court again informed Allen that the State would have to prove its allegations of probation violation by a preponderance of the evidence. When Allen asked about counsel, the trial court responded: "You've never requested counsel. If you want to hire an attorney, you need to get on that promptly, ma'am. You actually should've had them here today because you were scheduled for a contested probation revocation hearing. So see the lady next to me, ma'am." *Id.* at 9.

[11]   Allen then retained counsel, who filed an appearance on the morning of the scheduled January 11 revocation hearing. At the beginning of the hearing, prior to the presentation of any evidence, Allen's counsel moved for a continuance, noting that she had only recently filed her appearance. The State objected, noting that its witnesses were present to testify. The trial court responded:

> Counsel, one of the risks when you enter an appearance on a
> case that's scheduled for hearing, is you need to be prepared to
> proceed. The case is scheduled for contested probation hearing.
> There are two petitions pending, is that correct?
>
> * * *
>
> Um, I'm inclined to proceed today. So if you need a few more
> minutes to prepare, that's fine, but, uh, we are scheduled for
> hearing today, counsel.

Tr. Vol. 1, p. 11.

[12]     Allen's counsel then requested "a few minutes to talk to the officer." *Id*. at 12. The trial court granted this request and the court adjourned for approximately thirty-five minutes to allow Allen's counsel to speak with Officer Jennings. When the hearing resumed, the trial court asked Allen's counsel if she was ready to proceed. Allen's counsel responded, "Yes, sir." *Id*. At the conclusion of the hearing, the trial court found that Allen had violated the terms of her probation and ordered her to serve her previously suspended sentence in the Hancock County Jail. Allen now appeals.

### I. Allen's Right to Counsel

[13]     Allen first claims that the trial court denied her the right to counsel. It is well established that probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Eaton v. State*, 894 N.E.2d 213, 216 (Ind. Ct. App. 2008), *trans. denied* (citing *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). However, once the State grants that favor, it cannot simply revoke the

privilege at its discretion. *Id*. Probation revocation implicates a defendant's liberty interest, which entitles her to some procedural due process. *Id*. (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Because probation revocation does not deprive a defendant of her absolute liberty, but only her conditional liberty, she is not entitled to the full panoply of due process rights afforded a defendant in a criminal proceeding. *Id*. Instead, the minimum requirements of due process for a probationer include:

> (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against [her]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation.

*Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006) (citing *Morrissey*, 408 U.S. at 489). Notably absent from this list is the right to counsel. Indeed, under the Sixth Amendment, probationers have no constitutional right to counsel at a probation revocation hearing. *Jordan v. State*, 60 N.E.3d 1062, 1068 (Ind. Ct. App. 2016) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973)). But, in Indiana, defendants in a probation revocation proceeding have a statutory right to counsel. Ind. Code § 35-38-2-3(e), (f).

Allen claims that the trial court failed to advise her of her right to counsel and failed to ensure that she knowingly waived her right to counsel. We disagree.

[14] At the November 7, 2016 initial hearing, the trial court noted that Allen, and all of the other defendants in court that day, had been advised of their rights. The trial court also explained to Allen the difference between the probation revocation proceeding she was facing and the criminal proceedings the other defendants were facing. One could therefore reasonably presume that the rights the trial court explained to all the defendants included the right to counsel. More importantly, at the January 4, 2017 hearing, the trial court explicitly advised Allen of her right to counsel, including that one would be appointed for her if she could not afford private counsel. And Allen did, in fact, have counsel at the probation revocation hearing. Thus, her claim that she was denied counsel necessarily fails.[4]

[15] Allen also claims that the trial court effectively denied her right to counsel by denying her counsel's request for a continuance. As noted, Allen's counsel filed her appearance the day of the revocation hearing and requested a continuance to better prepare. The trial court denied the continuance in the sense that it declined to reschedule the hearing for another date. The trial court did, however, delay the hearing to allow Allen's counsel to interview the State's main witness, Officer Jennings.

---

[4] The cases Allen cites in support of her claim all involved situations in which the probationer did not have counsel at the revocation hearing, and are therefore distinguishable from the present case. *See, e.g., Silvers v. State*, 945 N.E.2d 1274 (Ind. Ct. App. 2011); *Eaton v. State*, 894 N.E.2d 213 (Ind. Ct. App. 2008), *trans. denied*; *Bumbalough v. State*, 873 N.E.2d 1099 (Ind. Ct. App. 2007); *Johnson v. State*, 640 N.E.2d 747 (Ind. Ct. App. 1994).

[16] Allen cites *In re Jennings*, 176 Ind. App. 277, 375 N.E.2d 258 (1978), as holding that it was "reversible error for the trial court to deny the juvenile probationer's request for a continuance in order to obtain counsel." But the issue in *In re Jennings* was not whether the trial court erred by denying the juvenile probationer's request for a continuance. The issue was whether the trial court erred by failing to inform the probationer of his right to have counsel appointed for him if he could not afford counsel. 176 Ind. App. at 279–80, 375 N.E.2d at 260–61. In *In re Jennings*, the trial court never informed the probationer of his right to have counsel appointed and the revocation hearing was conducted with the probationer unrepresented. This is not what happened here.

[17] Here, the trial court did inform Allen at the January 7 hearing that she had the right to counsel and that counsel would be appointed for her if she could not afford to hire private counsel. And at the January 11 revocation hearing, Allen was represented by counsel. Counsel requested a continuance, and the trial court did grant a short continuance to permit counsel to interview the State's main witness. When asked if she was ready to proceed with the revocation hearing, Allen's counsel responded in the affirmative. Under these facts and circumstances, we cannot say that the trial court erred by denying Allen's request for a longer continuance.

[18] Because Allen was represented by counsel at the probation revocation hearing, and because Allen's counsel was granted additional time to interview the State's main witness, we are unable to say that the trial court abused its discretion when it denied Allen's request to reschedule the probation revocation hearing.

### II. Burden of Proof

Allen also claims that the trial court applied the wrong burden of proof. Allen contends that the trial court improperly applied the lower "probable cause" standard rather than the higher "preponderance of the evidence" standard. In *Heaton v. State,* 984 N.E.2d 614 (Ind. 2013), our supreme court clarified that the correct legal standard to be applied in probation revocation hearings "is the statutorily-mandated preponderance of the evidence standard." *Id.* at 615 (citing Ind. Code § 35-38-2-3(e)).

Allen contends that the trial court's references to probable cause in its statement from the bench indicate that the trial court applied the lower probable cause standard in finding that she violated the terms of her probation. The trial court ruled from the bench as follows:

> I find that you failed to attend the victim impact panel, I find the State's proven that **by preponderance of the evidence**, I find that you failed, uh, to notify your probation officer of the new arrest within forty-eight hours and as required by the rules of probation, in fact, I don't, there's no evidence that you ever reported it. I also find that you violated the terms and conditions of your probation, uh, I believe there is a, uh, **preponderance of the evidence** to establish you committed a new criminal offense while on probation**.** Um, I think there's **probable cause** for your arrest on the new offense. Uh, it would appear that in Shelby County they also thought there's **probable cause** for the new offense, uh, I look at the evidence your attorney outlined and I see the same evidence, but I see it differently. I see sitting in your car, or slumping in your car is really a more accurate description and nodding off with the car running and the gas pump on as signs as evict - , evidence of intoxication by use of, uh, some

controlled substance. I see your, uh, slurred speech and your lack of balance as something, uh, also indicating that you were impaired. **I find there's probable cause, uh, that you committed a new criminal offense while on probation and I find that the State has proven that criminal offense by a preponderance of the evidence** based upon the testimony I've heard today, therefore, based upon those three reasons, I find that you were, are in violation of the terms and conditions of your probation.

Tr. Vol. 1, pp. 45–46 (emphases supplied). Allen argues that the trial court's references to probable cause mean that the trial court did not apply the proper preponderance-of-the-evidence standard. We disagree.

[21] First, we presume that trial courts know and follow the applicable law. *Thurman v. State*, 793 N.E.2d 318, 321 (Ind. Ct. App. 2003) (citing *Moran v. State*, 622 N.E.2d 157, 159 (Ind. 1993)). Here, the burden of proof was by a preponderance of the evidence, and we will presume that the trial court was well aware of this statutory requirement. *See Heaton v. State*, 984 N.E.2d at 617 (noting that, under the relevant statute in effect since 1976, the State's burden of proof in probation revocation cases is by a preponderance of the evidence); *Thurman*, 793 N.E.2d at 321 (holding that the court would presume that trial court applied the proper beyond-a-reasonable-doubt standard in criminal bench trial). And the trial court informed Allen on more than one occasion that the State's burden of proof in a probation revocation proceeding was by a preponderance of the evidence.

[22] Moreover, we believe that the trial court's statements, in context, show that the trial court applied the proper preponderance-of-the-evidence standard. Indeed,

the trial court's statement started off with a reference to the preponderance standard. The court then noted that the authorities in Shelby County believed there was probable cause to bring new charges against her, with which the trial court agreed. *See* Tr. Vol. 1, p. 45 ("I think there's probable cause for your arrest on the new offense. Uh, it would appear that in Shelby County they also thought there's probable cause for the new offense[.]"). The trial court then stated, "I find there's probable cause, uh, that you committed a new criminal offense while on probation and *I find that the State has proven that criminal offense by a preponderance of the evidence*."[5] *Id*. at 45–46 (emphasis supplied). Thus, although the trial court's statement included a reference to probable cause, this reference was immediately followed by an explicit finding that the State had proven that Allen committed a new offense by a preponderance of the evidence. Accordingly, we reject Allen's claim that the trial court failed to apply the proper burden of proof when it made its decision to revoke her probation.

## Conclusion

[23]    The trial court did not deny Allen's statutory right to counsel in a probation revocation proceeding. Allen was informed of her right to counsel and had counsel at the revocation hearing. That the trial court denied Allen's counsel's request for a longer continuance does not mean that she was denied counsel,

---

[5] The trial court correctly found that the commission of a new criminal offense, not the mere fact of an arrest or the filing of criminal charges, was the basis for revoking Allen's probation. *See Martin v. State*, 813 N.E.2d 388, 390–91 (Ind. Ct. App. 2004) (noting the long-standing rule that an arrest alone does not warrant the revocation of probation) (citing *Hoffa v. State*, 267 Ind. 133, 135, 368 N.E.2d 250, 252 (1977)).

especially since the trial court did grant a brief continuance to permit Allen's counsel to interview the State's main witness prior to holding the revocation hearing. And Allen has failed to demonstrate that the trial court applied the wrong burden of proof. We therefore affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Crone, J., concur.