## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2020, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Darryn L. Duchon
Indianapolis, Indiana

Monty K. Woolsey
Cross Glazier & Burroughs, P.C.
Carmel, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ashley E. Shelton,

*Appellant-Respondent,*

v.

Jeffrey M. Shelton,

*Appellee-Petitioner.*

July 17, 2020

Court of Appeals Case No.
19A-DR-2561

Appeal from the Hamilton
Superior Court

The Honorable J. Richard
Campbell, Judge

Trial Court Cause No.
29D04-1504-DR-3068

**Najam, Judge.**

## Statement of the Case

Following the dissolution court's entry of the final dissolution decree, Jeffrey Shelton ("Husband") filed a motion to enforce the decree and to correct a clerical mistake. The dissolution court granted the motion and clarified that, under the decree, Husband was awarded ownership of an S corporation owned by the parties during their marriage. Ashley Shelton ("Wife") appeals the court's order and presents two issues for our review with respect to ownership of the S corporation. However, before the court's order was entered, Wife agreed in writing to transfer all of her interest in the S corporation to Husband. Thus, her appeal is moot.

We dismiss.

## Facts and Procedural History

Husband and Wife married in 1994. Husband filed a petition for dissolution of the marriage in April 2015. During their marriage, the parties owned businesses, including Shelton Properties Indiana, Inc. ("SPIN"), an S corporation with Husband and Wife as the only two shareholders. SPIN owned several parcels of real estate in Indiana and Arizona.

Following an evidentiary hearing, the dissolution court divided the marital estate unequally, awarding 59% of the estate to Wife. Both parties filed motions to correct error, which the court granted in part. In its order, the dissolution court modified the decree and awarded 52% of the estate to Wife

and 48% to Husband. Neither party appealed from the court's grant, in part, of their motions to correct error.

[5] In the final division of the marital estate, the dissolution court divided the real properties owned by SPIN in the same manner as it had done in the original decree. The court awarded a property at 8028 Vista Canyon to Wife, in full, but it divided the remaining SPIN properties equally between the parties. The court also ordered each party to share the cost, equally, of income taxes from the sale of the Vista Canyon property.

[6] In its Exhibit 1, which sets out the distribution of the marital estate, the dissolution court listed the parties' four businesses and their respective values. The court awarded to Husband as his separate property Shelton Properties, Inc., which is distinct from SPIN. And the court awarded to Husband Ashley Evans, Inc., valued at $1,298,000, and Indy Focus, Inc., valued at $0. With respect to SPIN, Exhibit 1 does not make reference to an award to either party but lists its value at $0.

[7] Thereafter, Husband asked Wife to transfer her shares in SPIN to him. Wife refused. Husband then filed his motion with the dissolution court to enforce the decree and to "make a clerical correction to the decree." Appellant's App. Vol. 2 at 62. In particular, Husband asked that "the Court clarify the Decree pursuant to Trial Rule 60(A)" to "specifically award SPIN to Husband to effect the terms of the decree[.]" *Id.* at 63. Husband also asked that the dissolution court "award [a] shareholder loan [in the amount of $416,690.15] and offsetting

liability [for the same amount] to Husband[.]" *Id.* at 64. In short, Husband asked that the court clarify that the decree awarded SPIN to him and valued SPIN at $0.

[8] On September 27, 2019, Wife filed a response to the motion and asserted in relevant part that the decree does not "specifically state whether [Wife] or [Husband] was awarded" SPIN. *Id.* at 73. Accordingly, Wife maintained that she was not required under the decree to assign her interest in SPIN to Husband.

[9] However, on October 3, before the dissolution court had ruled on Husband's motion, Wife filed with the court a notice that she had executed a transfer agreement, "transferring all [of Wife's] interest in [SPIN]" to Husband. Appellee's App. Vol. 2 at 73. That transfer agreement stated in relevant part that Wife transferred "any and all shares" in SPIN to Husband "for no consideration" and "[p]ursuant to the Decree of Dissolution[.]" *Id.* at 74.

[10] On October 4, the dissolution court issued its order granting Husband's motion under Trial Rule 60(A). The court awarded ownership of SPIN "and all of its assets and liabilities with the exception of the net sale proceeds and tax payment specifically awarded to Wife under the Decree" and ordered that "the Shareholder Loan owed from [SPIN to Husband and Wife] is awarded to Husband at zero value." Appellant's App. Vol. 2 at 44. This appeal ensued.

# Discussion and Decision

[11] Wife contends that the dissolution court erred when it granted Husband's motion to correct the decree under Trial Rule 60(A). In particular, Wife asserts that, when it awarded SPIN to Husband, the court made a substantive change to the decree, which is not permitted under Trial Rule 60(A). In the alternative, Wife maintains that the court's award of SPIN to Husband was erroneous because it did not take into account "the effect of that action [on the] division of the marital estate." Appellant's Br. at 8.

[12] We do not reach the merits of Wife's appeal. As this Court has observed:

> The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *A.D. v. State*, 736 N.E.2d 1274, 1276 (Ind. Ct. App. 2000). *When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed*. *Id.* The existence of an actual controversy is an essential requisite to appellate jurisdiction. *Bremen Public Schools v. Varab*, 496 N.E.2d 125, 126 (Ind. Ct. App. 1986).

*DeSalle v. Gentry*, 818 N.E.2d 40, 48-49 (Ind. Ct. App. 2004) (emphasis added).

[13] Here, before the dissolution court had issued the order from which Wife now appeals, Wife assigned to Husband all of her interest in SPIN "[p]ursuant to the Decree of Dissolution" for no consideration. Appellee's App. Vol. 2 at 74. Nevertheless, Wife contends in her reply brief that she tendered only "a *proposed* transfer agreement," which was "not signed by [Husband] at the time[,]" and she maintains that this "form of an agreement" did not "concede that the trial

court had already awarded SPIN to [Husband]" but was made to ensure "that [Husband] could not bring a contempt or similar motion against [Wife]" for her having not complied with the decree. Reply Br. at 8 (emphasis added). We are not persuaded by Wife's suggestion that the transfer agreement was not what it appears to be on its face but was instead a mere feint with no legal force or effect and that its plain meaning should be disregarded. Whatever Wife's subjective intent may have been, the transfer agreement transferred her interest in SPIN to Husband without any reservation or qualification and states that it was executed pursuant to the dissolution decree.

[14] It is well settled that "'all parties who sign [a contract] are bound by it unless it affirmatively appears that they did not intend to be bound unless others also signed.'" *Downs v. Radentz*, 132 N.E.3d 58, 63 (Ind. Ct. App. 2019) (quoting *Kruse Classic Auction, Co. v. Aetna Cas. & Sur. Co.*, 511 N.E.2d 326, 328 (Ind. Ct. App. 1987), *trans. denied*). Wife's transfer agreement does not indicate that Wife did not intend to be bound unless Husband also signed. Accordingly, Wife is bound by the transfer agreement.

[15] Because Wife no longer has any interest in SPIN, it is unnecessary for us to resolve the issues Wife raises on appeal.[1] *See DeSalle*, 818 N.E.2d at 49. Accordingly, we dismiss Wife's appeal as moot.

---

[1] We note that Wife asserts in her brief on appeal that "SPIN had outstanding loans of over $400,000." Appellant's Br. at 12. But Wife does not support that assertion with a citation to the record. In any event, neither party appealed from the final decree, in which the dissolution court valued SPIN at $0. Wife cannot

Dismissed.

Kirsch, J., and Brown, J., concur.

---

now be heard on that issue. For the same reason, Wife cannot now complain that the dissolution court erroneously disregarded her tax liability from SPIN.