**In the Matter of A.M.R., Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

**No. 49A05–0008–JV–323.**

Court of Appeals of Indiana.

Dec. 14, 2000.

Elizabeth Gamboa, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

A.M.R. appeals the trial court's modification of its dispositional order finding her to be a delinquent child. She raises one issue, which we restate as whether the trial court abused its discretion when it modified its first dispositional order and committed her to the Indiana Department of Correction ("D.O.C."). We reverse.

The facts most favorable to the judgment follow. On January 10, 2000, the State filed a petition alleging that A.M.R., who was fourteen years old, was a delinquent child for violating Indiana's compulsory school attendance law.[1] After A.M.R. admitted the allegation, the trial court found her to be a delinquent child and placed her on probation. One of the terms of A.M.R.'s probation was that she "attend school as required by law with no absences or tardiness of an unexcused nature and that [she] conduct [herself] according to school policy." Record, p. 23.

On March 15, 2000, A.M.R. was suspended from school, pending expulsion, for "[p]ossessing, using, and being under the influence of alcohol." Record, p. 31. Subsequently, on March 30, 2000, the State filed a petition in which it alleged that A.M.R. violated the terms of her probation by being suspended from school pending expulsion. A.M.R. admitted the allegation at a hearing. Consequently, the trial court found that she had violated the terms of her probation and committed A.M.R. to the custody of the D.O.C. However, the trial court suspended the commitment subject to A.M.R.'s successful completion of probation.

■ The choice of a specific disposition for a delinquent child is within the discretion of the trial court, subject to the statutory considerations of the welfare of the child, the safety of the community, and a statutory policy of favoring the least harsh disposition. *In re L.J.M.*, 473

N.E.2d 637, 640 (Ind.Ct.App.1985). We may overturn the trial court's disposition order only if we find that it has abused its discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *In re Adoption of L.C.*, 650 N.E.2d 726, 733 (Ind.Ct.App. 1995), *reh'g denied, trans. denied, cert. denied sub nom. Newman v. Worcester County Dep't of Soc. Servs.*, 517 U.S. 1136, 116 S.Ct. 1423, 134 L.Ed.2d 547 (1996).

■ Pursuant to the Indiana juvenile code, a child may be adjudicated a delinquent for committing certain "status offenses," including truancy and possessing alcohol. *See, e.g.,* Ind.Code §§ 31–37–2–1, 31–37–2–3, 31–37–2–6. When a trial court finds a child to be a delinquent for a status offense, Ind.Code § 31–37–19–1 provides a wide range of dispositions to serve the child's needs, including placing the child on probation, ordering the child to seek counseling, or removing the child from his or her home and placing him or her in a shelter care facility. *See* Ind.Code § 31–37–19–1. However, a status offender may only be committed to the D.O.C. if he or she violates Ind.Code § 31–37–22–5 or Ind. Code § 31–37–22–6. *See* Ind.Code § 31–37–22–7 (providing, in relevant part, that "[i]f the juvenile court modifies its disposition order under section 5 or 6 of this chapter, the court may order the child placed ... [a]s a ward of the department of correction for housing in any correctional facility for children"). Ind.Code § 31–37–22–5 applies to runaways who are placed in a shelter care facility or other residence pursuant to a court order and then violate the terms of the placement. *See* I.C. § 31–37–22–5, Ind.Code § 31–37–2–2. Ind.Code § 31–37–22–6 applies to children who have been ordered by the court to comply with the compulsory school attendance law and who subsequently violate the court order. *See* I.C.

---

1. Ind.Code § 20–8.1–3–17.

§ 31–37–22–6. If a student is suspended or expelled from school, the student's absence from school because of the suspension or expulsion is not a violation of Indiana's compulsory school attendance law, and the child shall not be considered truant. *See* Ind.Code § 20–8.1–5.1–24.

Here, the parties' dispute focuses upon the State's probation violation petition and the trial court's second dispositional order. In the probation violation petition, the State asserted that A.M.R. violated the conditions of her probation by being suspended from school pending expulsion. A.M.R. argues that the petition raises a truancy claim because it implies that her suspension violated the trial court's first dispositional order, which ordered her to comply with Indiana's compulsory school attendance law as a condition of probation. Because absences from school due to suspensions or expulsions do not violate Indiana's compulsory attendance law, she concludes that she did not violate the terms of her probation, and the trial court was without authority to commit her to the D.O.C. for truancy. The State asserts that its probation violation petition implied that A.M.R. was suspended pending expulsion for violating school policy, which she was forbidden to do by the terms of her probation. Specifically, the State notes that the school district suspended A.M.R. for possessing and drinking alcohol, and the State concludes that this policy violation supports the trial court's commitment of A.M.R. to the D.O.C.

■ Turning to the language of the probation violation petition, it alleges that A.M.R. "violate[d] the conditions of ... Formal Probation in that ... [A.M.R.] was suspended from [school], pending expulsion, on 3/16/00." Record, p. 29. The petition does not allege that A.M.R. possessed or used alcohol or otherwise violated school policy. Consequently, we read the petition as alleging that her suspension from school, standing alone, was a violation of her probation because she was absent from school. As we discussed above, A.M.R.'s absence from school due to her suspension did not violate the compulsory school attendance law. *See* I.C. § 20–8.1–5.1–24. If she did not violate the attendance law, then she also did not violate the term of her probation requiring her to "attend school as required by law." Consequently, A.M.R.'s suspension, in and of itself, cannot support the trial court's commitment of A.M.R. to the D.O.C. *See id.*

■ Turning to the State's argument, assuming arguendo that the trial court committed A.M.R. to the D.O.C. because she violated the terms of her probation by using alcohol, that probation violation also cannot support committing her to the D.O.C. As we discussed above, possessing or using alcohol as a minor is a status offense for the purposes of the juvenile code. *See* I.C. § 31–37–2–6. The only status offenders who can be committed to the D.O.C. are runaways who violate the terms of their court-ordered placement or children who violate the compulsory school attendance law despite a court order to comply with the law. *See* I.C. §§ 31–37–22–5; 31–37–22–6. Neither of those conditions is applicable here because the record reflects that A.M.R. has not been accused of being a runaway, and her suspension was not a violation of the compulsory school attendance law.[2] Consequently, the trial court could only have chosen a disposition from among those listed in Ind.Code § 31–37–19–1. Because A.M.R. admitted to drinking alcohol, the trial court did not abuse its discretion when it found that she violated the terms of her probation, but the trial court abused its discretion by making her a ward of the D.O.C. because it lacked statutory authority to do so. *See id.* Consequently, we must reverse the trial court's judgment and remand with instructions to revise its dispositional or-

2. For an analysis of Ind.Code § 31–37–22–5 as it applies to runaway children, see *A.D. v.* *State* (Ind.Ct.App.2000), 736 N.E.2d 1274.

der in a manner consistent with this opinion.

For the foregoing reasons, we reverse the judgment of the trial court.

Reversed.

BAKER, J. and VAIDIK, J. concur.