P.F.B., Jr., Appellant–Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 71A05–0012–JV–518.

Court of Appeals of Indiana.

July 13, 2001.

Sean P. Hilgendorf, South Bend, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Respondent, P.F.B., Jr. (P.F.B.), a juvenile, appeals the juvenile court's modification of its dispositional order.

We reverse.

*ISSUE*

P.F.B. raises one issue on appeal, which we restate as follows: whether the trial court abused its discretion when it modified its dispositional order and committed him to the Indiana Department of Correction (D.O.C.).

*FACTS AND PROCEDURAL HISTORY*

The facts relevant to our disposition are as follows. On January 8, 1999, in the St. Joseph Probate Court, the State filed a Petition Alleging Delinquency against P.F.B. P.F.B. was charged with arson, a Class B felony if committed by an adult, Ind.Code § 35–43–1–1. On February 9, 1999, a fact-finding hearing was held, and

the juvenile court found that the State had proved the allegations against P.F.B. beyond a reasonable doubt. On March 16, 1999, the juvenile court held a dispositional hearing and ordered that it was in P.F.B.'s best interest to be placed at the Springfield Academy in Springfield, South Dakota, a secure child-care facility.

On November 16, 1999, the juvenile court conducted a review hearing and concluded that P.F.B. should be released from placement, continued on probation, and ordered to participate in the Day Reporting Program.

On May 8, 2000, the State filed a Verified Petition for Modification. On May 16, 2000, the juvenile court held a hearing on the Verified Petition for Modification and found that P.F.B. failed to follow the rules of his household. The court committed P.F.B. to the St. Joseph County Juvenile Justice Center for 14 days. On May 30, 2000, P.F.B. was released from custody and placed back on probation.

On October 11, 2000, the State filed another Verified Petition for Modification. On October 18, 2000, the juvenile court held a hearing on the Verified Petition for Modification and found that P.F.B. had violated his probation by running away from home. The court committed P.F.B. to the St. Joseph Juvenile Justice Center for 45 days.

On November 2, 2000, the State requested an oral Emergency Modification of P.F.B.'s disposition. On November 10, 2000, the juvenile court held a hearing on the Emergency Modification request. At the hearing, the State alleged that P.F.B. had some problems while in secure detention. Specifically, reports indicated that while in secure detention, P.F.B. attempted to strike one of the supervisors. The State asked that P.F.B. be committed to the D.O.C.

At the November 10, 2000 hearing, P.F.B.'s counsel argued that under Ind. Code § 31–37–22–5,

The statute clearly indicated that the child must receive a written warning of the consequences of violation of his placement. I guess, what probation is alleging is that he violated his placement by violating the rules while back in detention. In the dispositional order, in the modification order that was entered back on October 18th, the order merely states that he is given 45 days in the Juvenile Justice Center to begin on October 18th. The respondent [P.F.B.] shall comply with all orders of the court and laws of the State of Indiana. There is no mention of that in writing, which is another element of the statute that the issuance of the warning reflected it [sic] the records of the hearing. That he was some how ordered by the Court to maintain Level 4, get no incident reports or something of that nature. So based on that statute for dispositional decrees, again, I submit that there is no bases for modification. The Court ruled before and ordered him to do 45 days.

(R. 148).

The juvenile court responded:

before we even get into that, what is it that is being modified? That is all the order says is 45 days and $50.00 per week. He [P.F.B.] is in custody, so how can he be in violation of this Court order?...If he committed offenses while in custody, then he should be charged with those offenses, and the Court can take the appropriate steps. I am going to deny the motion for modification. So ordered.

(R. 149).

On November 14, 2000, the juvenile court initiated a hearing on the previously requested Emergency Modification and re-

versed its November 10, 2000 ruling. The court stated:

> The Court set this matter on its own motion. In checking the statute,. . . , the Court discovered, on its own motion the Court can modify disposition at any time. While the Court felt that there was a technical irregularity in the request made by the probation department, the Court also felt that [P.F.B.], by his conduct, certainly deserves to be modified. Therefore, the Court is going to modify and commit him to the Department of Correction for assignment to Boys School. You are certainly welcome to address that at this point.

(R. 152).

P.F.B. now appeals.

### DISCUSSION AND DECISION

P.F.B. argues that the trial court erred when it modified its dispositional order and committed him to the D.O.C. We agree.

■■■ The choice of a specific disposition for a delinquent child is within the discretion of the juvenile court. *A.M.R. v. State,* 741 N.E.2d 727, 729 (Ind.Ct.App. 2000). We may overturn the juvenile court's dispositional order only if we find that it has abused its discretion. *Id.* "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

Furthermore, Ind.Code § 31–37–22–5 provides:

> If:
>
> (1) a child is placed in a shelter care facility or other place of residence as part of a court order with respect to a delinquent act under IC 31–37–2–2;
>
> (2) the child received a written warning of the consequences of a violation of the placement at the hearing during which the placement was ordered;
>
> (3) the issuance of the warning was reflected in the records of the hearing;
>
> (4) the child is not held in a juvenile detention facility for more than twenty-four (24) hours, excluding Saturdays, Sundays, and legal holidays, before the hearing at which it is determined that the child violated that part of the order concerning the child's placement in a shelter care facility or other place of residence; and
>
> (5) the child's mental and physical condition may be endangered if the child is not placed in a secure facility;
>
> the juvenile court may modify its disposition order with respect to the delinquent act and place the child in a public or private facility for children.

"Ind.Code § 31–37–22–5 applies to runaways who are placed in a shelter care facility or other residence pursuant to a court order and then violate the terms of the placement." *A.M.R.,* 741 N.E.2d at 729.

■■■ As previously stated, on October 18, 2000, the juvenile court held a hearing on the State's second Verified Petition for Modification and found that P.F.B. had violated his probation by running away from home. The court committed P.F.B. to the St. Joseph Juvenile Justice Center for 45 days.

On November 2, 2000, the State requested an oral Emergency Modification of P.F.B.'s disposition. On November 10, 2000, the juvenile court held a hearing on the Emergency Modification request. At the hearing, the State asked that P.F.B. be committed to the D.O.C. P.F.B.'s counsel argued that P.F.B. had not received a written warning of the consequences of a

violation of his placement pursuant to Ind. Code § 31–37–22–5. The juvenile court, without addressing P.F.B.'s argument, denied the State's Emergency Modification request.

However, on November 14, 2000, the juvenile court initiated a hearing on the previously requested Emergency Modification and reversed its November 10, 2000 ruling. The juvenile court never addressed P.F.B.'s argument that he had not received a written warning of the consequences of a violation of his placement pursuant to Ind.Code § 31–37–22–5.

There is no evidence indicating that P.F.B. received a written warning of the consequences of a violation of his placement at the October 18, 2000 hearing. Granted, at the October 18, 2000 hearing, the juvenile court judge told P.F.B., "[t]he next time you are probably not going [sic] be so lucky, because the next time you are probably going to end-up going to Boys School." (R. 142). However, we do not find that this verbal warning sufficiently complies with Ind.Code § 31–37–22–5. This code section is not discretionary. The juvenile court failed to comply with the statute. Consequently, we find that because P.F.B. did not receive a written warning of the consequences of a violation of his placement at the October 18, 2000 hearing, the trial court abused its discretion in modifying its dispositional order and committing P.F.B. to the D.O.C.

Reversed.

SULLIVAN, J., and FRIEDLANDER, J., concur.