759 N.E.2d 1121 (2001)
W.R.S., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A02-0106-JV-360.
Court of Appeals of Indiana.
December 13, 2001.
*1122 Ann M. Sutton, Marion County Public Defender, Steven J. Halbert, Indianapolis, IN, Attorneys for Appellant.
Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
VAIDIK, Judge.

Case Summary
W.R.S. challenges his incarceration both before and after he was found to have violated his probation by missing school. Specifically, W.R.S. argues that the juvenile court could not detain him in a secure facility pending his fact-finding hearing because he was only alleged to have committed a "status offense." W.R.S. also argues that the juvenile court could not commit him to the Department of Correction (D.O.C.) after it found he was a repeat truant because the court did not follow the proper procedure. We find that the juvenile court erred in detaining W.R.S. in a secured facility for being truant before he was found to have violated his probation. We find further that by holding W.R.S. in a juvenile detention facility for over 24 hours, the juvenile court lost the ability to commit W.R.S. to the D.O.C. Thus, we reverse.

Facts and Procedural History
On April 20, 2000, the Marion Superior Court, Juvenile Division, found W.R.S. to be a delinquent child under Indiana Code § 31-37-2-3 for violating Indiana's compulsory school attendance law.[1] The juvenile court originally placed W.R.S. on probation. However, W.R.S. repeatedly violated his probation by not going to school. On November 2, 2000, W.R.S. admitted that he had been truant, and the juvenile court committed him to the D.O.C. for at least a three month period pending further review.
After W.R.S. completed three months in the D.O.C. on February 7, 2001, the juvenile court suspended any further time in the D.O.C. and placed W.R.S. on probation. However, W.R.S. continued to avoid school, and the State charged him with violating his probation and suspended commitment by missing school. On April 6, 2001, the juvenile court held an initial hearing on the State's allegation. At the hearing, W.R.S. requested an attorney and denied the State's allegation. Over W.R.S.'s objections, the juvenile court ordered that W.R.S. should be detained in the Marion County Juvenile Detention Center until the fact-finding hearing on the grounds that W.R.S. was "unlikely to appear for subsequent proceedings and detention is essential to protect the child or the community." Appellant's App. P. 57. Following the initial hearing, W.R.S. filed a motion to be released from detention, which was denied by the juvenile court. On April 30, 2001, W.R.S. admitted the allegation that he violated his probation by being truant. The juvenile court accepted this admission and ordered that W.R.S. be committed to the D.O.C. for another three months. This appeal ensued.

Discussion and Decision
As a preliminary matter, we address the State's contention that the mootness doctrine precludes us from addressing W.R.S.'s claims. The State argues that W.R.S.'s claims are moot because W.R.S. has already served his three-month sentence, and therefore, no remedy can be granted.
The long-standing rule in Indiana has been that a case is deemed *1123 moot and will be dismissed when no effective relief can be rendered to the parties before the court. A.D. v. State, 736 N.E.2d 1274, 1276 (Ind.Ct.App.2000). However, we may review issues under a public interest exception to this general rule when the case involves questions of great public importance. City of Huntingburg v. Phoenix Natural Res., Inc., 625 N.E.2d 472, 474 (Ind.Ct.App.1993). The public interest exception usually is recognized in cases that contain issues likely to recur. Id. Even though issues involving the propriety of juvenile commitment are likely to occur, relief can often never be rendered to the parties because the short-term commitment of a juvenile at a correctional facility will frequently be concluded by the time an appeal is heard. Thus, because the issues in this case will likely arise again but will evade appellate review, we choose to address them at this time. See A.D., 736 N.E.2d at 1276; B.L. v. State, 688 N.E.2d 1311, 1312 n. 1 (Ind.Ct. App.1997).

I. Detention before the Fact-Finding Hearing
W.R.S. argues that the juvenile court erred when it detained him at the Marion County Juvenile Detention Center for 24 days pending his fact-finding hearing. Specifically, W.R.S. contends that because he was only alleged delinquent for committing a "status offense," the court erred when it placed him in a secure facility. We agree.
According to Indiana Code § 31-37-6-6, a juvenile court is typically required to release a "child on the child's own recognizance or to the child's parent, guardian, or custodian upon the person's written promise to bring the child before the court at a time specified." Ind.Code § 31-37-6-6(a); State ex rel. W.A. v. Marion County Superior Court, Juvenile Div., 704 N.E.2d 477, 479 (Ind.1998). However, a juvenile court does have the authority to detain a child pending a fact-finding hearing if the court finds probable cause to believe the child is a delinquent child and that:
(1) the child is unlikely to appear for subsequent proceedings;
(2) detention is essential to protect the child or the community;
(3) the parent, guardian, or custodian:
(A) cannot be located; or
(B) is unable or unwilling to take custody of the child; or
(4) return of the child to the child's home is or would be:
(A) contrary to the best interests and welfare of the child; and
(B) harmful to the safety or health of the child; or
(5) the child has a reasonable basis for requesting that the child not be released.
I.C. § 31-37-6-6(a). If the court finds one of these conditions, it is allowed to impose detention before it holds any further proceedings. State ex rel. W.A., 704 N.E.2d at 480.
In this case, the juvenile court found two of the conditions required for detention and committed W.R.S. to the Marion County Juvenile Detention Center.[2] However, we find that the court abused its discretion when it placed W.R.S. in a secure facilitythe Marion County Juvenile Detention Centereven though W.R.S. was only a status offender.
*1124 While W.R.S. had frequent visits to the juvenile court for violating his probation, the only offense that he was ever alleged to have committed was truancy. According to the Indiana juvenile code, a child may be adjudicated a delinquent for committing certain "status offenses" that would not be crimes if committed by adults, including truancy and running away from home. See Ind.Code §§ 31-37-2-1 to -3; A.M.R. v. State, 741 N.E.2d 727, 729 (Ind.Ct.App.2000). While a child can be adjudicated a delinquent for committing an act that would not be a crime for an adult, Indiana has a statutory scheme that differentiates for incarceration purposes between juveniles who commit acts that would be crimes if committed by adults and juveniles whose underlying acts are status offenses. See, e.g., Ind. Code §§ 31-37-7-1 to -2, 31-37-19-1, 31-37-19-6.
For most status offenders, the difference in the statutory scheme means that they cannot be detained in a juvenile detention facility such as the Marion County Juvenile Detention Center pending their fact-finding hearing. With the exception of runaway children, any child alleged to be a delinquent child for committing a status offense, "may not be held in: (1) a secure facility; or (2) a shelter care facility that houses persons charged with, imprisoned for, or incarcerated for crimes." I.C. § 31-37-7-1. Runaway children can be held in a juvenile detention facility, but they cannot be detained there for more than 24 hours unless they are detained there during a weekend or a holiday. Ind. Code § 31-37-7-3. Even though Indiana Code § 31-37-6-6 applies the term "detention" to all children alleged to be delinquent, for most children whose acts would not be crimes if they were committed by adults, detention means custody in a non-secure shelter care facility, rather than a jail or juvenile detention facility.[3]See Kiefer, "Commentary" to Ind.Code § 31-6-4-5, at 121-22 (West 1979) (repealed 1997) (commenting on the precursor to Indiana Code § 31-37-6-6).
The State alleged that W.R.S. violated his probation by being truant. In fact, the only type of allegation made against W.R.S. during his history with the juvenile justice system was truancy. W.R.S. was neither a runaway nor had he committed an act that would be a crime if committed by an adult. Under Indiana Code § 31-37-7-1, the juvenile court should have detained W.R.S. at his home or at a non-secure shelter care facility. However, the juvenile court placed W.R.S. in the Marion County Juvenile Detention Center over the repeated protests of his trial counsel reminding the court that status offenders cannot be detained in a secure facility. Because W.R.S. was a status offender and should not have been detained in a secure facility, we find that the juvenile court erred when it detained W.R.S. in the Marion County Juvenile Detention Center pending his fact-finding hearing. Thus, we reverse the juvenile court's detention order.

II. Modification of the Dispositional Order
W.R.S. also argues, and the State concedes, that the juvenile court erred when it committed W.R.S. to the care of the D.O.C. for three months as a repeat truant. Specifically, W.R.S. contends that the juvenile court was prohibited from committing him to the D.O.C. because the court had already detained him for 24 days in a juvenile detention facility pending his fact-finding hearing. We agree.
As we mentioned earlier, juveniles who commit status offenses are treated differently *1125 for incarceration purposes than juveniles who commit acts that would be crimes if committed by adults. A status offender may not be committed to the D.O.C. as an initial disposition. See Ind. Code § 31-37-19-1; A.M.R., 741 N.E.2d at 729. Instead, the only status offenders who can be committed to the D.O.C. are repeat runaways who violate the terms of their court-ordered placement or repeat truants who violate the compulsory school attendance law despite a court order to comply with the law. A.M.R., 741 N.E.2d at 730; Ind.Code §§ 31-37-22-5 to -7.
In this case, the juvenile court committed W.R.S. to the D.O.C. as a repeat truant. A juvenile court may only incarcerate a repeat truant if it follows the procedures for modifying dispositional orders under Indiana Code § 31-37-22-6. According to Indiana Code § 31-37-22-6, a juvenile court can modify a dispositional order and incarcerate a repeat truant if:
(1) [the] child fails to comply with IC 20-8.1-3 concerning compulsory school attendance as part of a court order with respect to a delinquent act under IC XX-XX-X-X (or IC 31-6-4-1(a)(3) before its repeal);
(2) the child received a written warning of the consequences of a violation of the court order;
(3) the issuance of the warning was reflected in the records of the hearing;
(4) the child is not held in a juvenile detention facility for more than twenty-four (24) hours, excluding Saturdays, Sundays, and legal holidays, before the hearing at which it is determined that the child violated that part of the order concerning the child's school attendance; and
(5) the child's mental and physical condition may be endangered if the child is not placed in a secure facility
(emphasis added). W.R.S. argues that the juvenile court erred when it modified its disposition order and committed him to the D.O.C. because the court had already detained him for 24 days in a juvenile detention facility. We agree.
Along with establishing the procedure necessary to commit repeat truants to the D.O.C., Indiana Code § 31-37-22-6 also insures that status offenders will not be held in secure facilities unnecessarily. As we concluded in Part I of our opinion, juvenile courts may not detain alleged truants in a secure facility. I.C. § 31-37-7-1. As a disincentive against ordering pre-hearing detention, Indiana Code § 31-37-22-6 provides that certain dispositional alternatives, such as commitment to the D.O.C., will be lost to the juvenile court if the court detains an alleged repeat truant in a secure facility before a fact-finding hearing for over 24 hours.
Indiana Code § 31-37-22-6 does allow for repeat truants to be detained in a juvenile detention facility for 24 hours without any dispositional alternatives being lost. However, this should not be construed to be an indirect way to incarcerate truants for 24 hours; rather the 24-hour-rule is a way of providing for the occasion when a repeat truant might also be a runaway. Runaways may be detained in a juvenile detention facility for 24 hours. I.C. § 31-37-7-3. The 24-hour-rule in Indiana Code § 31-37-22-6 insures that dispositional alternatives are not lost when a repeat truant has been held for 24 hours in a juvenile detention facility for running away from home.
The juvenile court was not allowed to detain W.R.S. in a secured facility for one minute, let alone 24 days, because W.R.S. was only alleged to have committed the status offense of truancy. Even if W.R.S. had been a runaway, the juvenile court could not have detained him for 24 days in *1126 a juvenile detention facility without dispositional alternatives being lost. By detaining W.R.S. in a juvenile detention facility for over 24 hours, the juvenile court lost the ability to modify its dispositional order and commit W.R.S. to the D.O.C. Therefore, we find that the juvenile court erred when it ordered that W.R.S. be committed to the D.O.C. for three months. Thus, we reverse the court's modification of its dispositional order.
Reversed.
DARDEN, J., and MATHIAS, J., concur.
NOTES
[1] Ind.Code § 20-8.1-3.
[2] In its cursory findings, the court concluded "that said child should be detained because: the Child is unlikely to appear for subsequent proceedings and detention is essential to protect the child or the community and orders said child detained at the Marion County Juvenile Detention Center until further order of the Court." Appellant's App. P. 57.
[3] A juvenile detention facility is considered to be a secure facility. Ind.Code § 31-31-8-2.