**P.F.B., Jr., Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

No. 71A05–0012–JV–518.

Court of Appeals of Indiana.

Dec. 28, 2001.

Sean P. Hilgendorf, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

RILEY, Judge.

Appellee Petitioner, State of Indiana, files its Petition for Rehearing with this Court on July 19, 2001. Appellee petitions this court to vacate its previously published decision in this matter, stating that this court erred by applying Indiana Code 31–37–22–5 to this case.

We hereby deny Appellee's Petition for Rehearing.

FRIEDLANDER, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting

I respectfully dissent from the denial of the State's Petition for Rehearing and would grant rehearing for the purpose of addressing the State's argument.

In its Petition the State correctly observes that in our published opinion of July 13, 2001, 751 N.E.2d 341, we *sua sponte* utilized Ind.Code § 31–37–22–5 (Burns Code Ed. Repl.1997) as the basis for reversal of the modification of the trial court's juvenile disposition order. In his brief upon the merits of this case, P.F.B. did not cite to or rely upon I.C. 31–37–22–5, nor did he claim that he was not given a warning of the consequences of a violation of the placement.

Although P.F.B. had been released from custody on May 30, 2000, he was recommitted to the St. Joseph Juvenile Justice Center on October 18, 2000, for having violated his probation, i.e. having run away from home. The detention being served was not for being a runaway, but was

pursuant to the initial disposition order finding P.F.B. guilty of an act of arson, a felony if committed by an adult.

Indiana Code § 31–37–22–5 is applicable only if the commitment for placement under modification consideration is for "a *delinquent act* under I.C. § 31–37–2–2." (emphasis supplied). The latter section deals with the commission of an act of delinquency by leaving home without reasonable cause and without permission of the parent who requests the child's return. Although in this instance, it could be argued that P.F.B. was being detained for running away from home, such determination was made in the setting of a probation matter and was not a determination that he had committed a delinquent act.

The bottom line is that P.F.B. was being detained upon the commitment or placement for having committed the delinquent act of arson. I.C. § 31–37–22–5 is therefore inapplicable. I would grant the Petition for Rehearing for the purpose of reconsidering our opinion of July 13, 2001.