In the Matter of R.A., Appellant–Respondent,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0110–JV–432.

Court of Appeals of Indiana.

June 18, 2002.

Elizabeth Gamboa, Franklin, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge.

R.A. appeals the juvenile court's order detaining her at the Marion County Juvenile Detention Center for seven days pending her probation-violation fact-finding hearing. R.A. also appeals the juvenile court's order that she be committed to the

Indiana Department of Corrections (DOC) for violating the school-attendance condition of her probation. We hold that the juvenile court lacked the authority to hold R.A. in a secure facility for the seven day period pending a fact-finding hearing on her alleged probation violation. We also hold that the juvenile court lacked authority—following the fact-finding hearing—to commit R.A. to the DOC in modifying its earlier order.

## FACTS

R.A., a juvenile, regularly failed to attend middle school. Because of her truancy, the State filed a petition alleging that R.A. was a delinquent child. R.A. admitted the allegations and was placed on probation for ninety days beginning on December 19, 2000. Appellant's App. p. 14, 20, 28. At a second hearing in February 2001, R.A. admitted to disregarding her probation's school-attendance requirement and was adjudicated a delinquent child. Appellant's App. at 17–18. The juvenile court placed her on probation once more.

R.A. missed at least fourteen more days of school in the three weeks immediately following the February hearing. Appellant's App. p. 28. The State, accordingly, filed an information that R.A. had violated her probation. At a third hearing in March 2001, after R.A. had admitted to violating her probation again, the juvenile court ordered her committed to the DOC. The juvenile court then suspended the commitment and placed R.A. on probation with the special condition that R.A. attend school regularly.

At a fourth hearing, where the State alleged that R.A. had again violated her probation, the juvenile court ordered that R.A. be detained at the Marion County Juvenile Detention Center for failing to attend school. In ordering R.A.'s detention, the juvenile court found that detention was appropriate because R.A. would unlikely reappear for the subsequent hearing. Appellant's App. p. 36. In addition, the juvenile court found that detention was essential "to protect the child or the community and the parent/guardian/custodian cannot be located or is unable or unwilling to take custody of the child." Appellant's App. p. 36. The detention lasted seven days, until a fact-finding hearing was held on the latest probation violation.

On June 19, 2001, R.A. entered into a plea agreement with the State and admitted to the probation violation. On September 24, 2001, the juvenile court modified its March 2001 order and committed R.A. to the DOC for ninety days. R.A. now appeals.

## DISCUSSION AND DECISION

### I. The Question of Mootness

R.A. concedes that she has been released both from her seven-day juvenile detention and her ninety-day commitment to the DOC. Therefore, this court cannot render effective relief to her. When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed. *In re Lawrance,* 579 N.E.2d 32, 37 (Ind.1991). "Although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'" *Id.* Typically, cases falling in the "great public interest" exception contain issues likely to recur. *Id.*

In a December 2001 opinion involving issues identical to the ones presented here, this court held that appellate review was proper under the "great public interest" exception. *See W.R.S. v. State,* 759 N.E.2d 1121 (Ind.Ct.App.2001); see also *A.D. v. State,* 736 N.E.2d 1274, 1276 (Ind. Ct.App.2000) (upholding the juvenile

court's order committing a repeat runaway to the Indiana Girls School). We agree that the propriety of juvenile detention and the commitment of Indiana youth to the DOC involve matters of great public importance. These issues are ones likely to recur, so we address the merits of this case.

### II. Detention Before Fact–Finding Hearing

■ R.A. contends that the trial court lacked the statutory authority to detain her for seven days before a fact-finding hearing on an alleged probation violation. Central to R.A.'s first claim is the proper interpretation of Indiana Code section 31–37–6–6 (Supp.2001), which requires certain findings before a court may order an alleged delinquent child to be detained, and Indiana Code section 31–37–7–1, which forbids detention of a truant in a secure facility.

Custody of a child in accordance with Indiana Code section 31–37–6–6 may begin *before* the initial hearing. Police may take a child into custody based on probable cause the child committed a delinquent act or by order of the court on the State's petition. I.C. §§ 31–37–4–1 (court's order), –2 (probable cause); Ind.Code § 31–37–10–5 (formal requirements of court's order on State's petition). The juvenile court then decides at a detention hearing whether the child should be released or further detained until subsequent proceedings. I.C. § 31–37–6–6. However, the juvenile court may order the child detained if it finds probable cause that the child is delinquent and further finds that:

(1) the child is unlikely to appear for subsequent proceedings;

(2) detention is essential to protect the child or the community;

(3) the parent, guardian, or custodian:

  (A) cannot be located; or

(B) is unable or unwilling to take custody of the child;

(4) return of the child to the child's home is or would be:

  (A) contrary to the best interests and welfare of the child; and

  (B) harmful to the safety or health of the child; or

(5) the child has a reasonable basis for requesting that the child not be released.

*Id.* A child alleged to be truant may not be detained at a secure facility. Ind.Code § 31–37–7–1.

■ The instant case deals with a child who has been adjudicated a delinquent and who was alleged to have violated her probation. Our review of title 31, article 37 convinces us that Indiana Code section 31–37–7–1 does not apply to detention in a secure facility when the child has been adjudicated to be delinquent and is alleged to have violated her probation. In so holding, we differ from *W.R.S. v. State,* 759 N.E.2d 1121 (Ind.Ct.App.2001), in its interpretation of this provision. In *W.R.S. v. State,* a panel of this court held that the juvenile court abused its discretion in detaining—in a secure facility before the fact-finding hearing—a child who had been adjudicated a truant and was alleged to have violated probation. 759 N.E.2d at 1123.

■ To the contrary, a provision in title 31, article 37 of the Indiana Code contemplates the pre-hearing detention—in a secure facility—of a truant who has been *adjudicated* a delinquent but is alleged to have violated her probation by continued truancy. This provision allows a juvenile court to place an adjudicated truant in a secure facility under five conditions:

■ If:

(1) a child fails to comply with IC 20–8.1–3 concerning compulsory school at-

tendance as part of a court order with respect to a delinquent act under IC 31–37–2–3 (or IC 31–6–4–1(a)(3) before its repeal);

(2) the child received a written warning of the consequences of a violation of the court order;

(3) the issuance of the warning was reflected in the records of the hearing;

(4) the child is not held in a juvenile detention facility for more than twenty-four (24) hours, excluding Saturdays, Sundays, and legal holidays, before the hearing at which it is determined that the child violated that part of the order concerning the child's school attendance; and

(5) the child's mental and physical condition may be endangered if the child is not placed in a secure facility;

the juvenile court may modify its disposition order with respect to the delinquent act and place the child in a public or private facility for children under section 7 of this chapter.

Ind.Code § 31–37–22–6(4) (emphasis supplied). We believe this modification statute permits a child adjudicated a truant to be held in a detention facility up to twenty-fours before a fact-finding hearing when it is alleged that the child has violated her probation by repeat truancy. According to this modification statute, if the repeat truant is held in a secure facility for more than twenty-four hours before a fact-finding hearing, the juvenile court will lose the option of placing the child in a secure facility as part of a modification.

■ The *W.R.S.* court interpreted subsection (4) of the modification statute to apply only to truants who happen to be runaways. 759 N.E.2d at 1125. The panel asserted that this provision should not be construed, however, as an "indirect way to incarcerate truants for 24 hours." *Id.* Finding no mention of runaways in this particular modification statute, we do not conclude likewise. Rather, the text of this modification statute refers exclusively to children who have failed "to comply with IC 20–8.1–3 concerning compulsory school attendance as part of a court order with respect to a delinquent act under IC 31–37–2–3." I.C. § 31–37–22–6(1). In other words, if a repeat truant violates her probation, she may be held in pre-hearing detention for up to twenty-four hours, unlike a child who has not been adjudicated to be truant. *See* I.C. § 31–37–7–1. Furthermore, there already exists a separate modification statute dealing exclusively with children who are runaways. *See* Ind. Code § 31–37–22–5(1). If Indiana Code section 31–37–22–6(4) applied only to a child who was both a runaway and a truant, it would be redundant. Courts should avoid, where possible, statutory interpretation that results in redundancy. *See Ind. State Dept. of Welfare v. Stagner,* 410 N.E.2d 1348, 1352 (Ind.Ct.App.1980).

Accordingly, we think Indiana Code section 31–37–22–6(4) limits to twenty-four hours—excluding Saturdays, Sundays, and legal holidays—the pre-hearing detention of a child adjudicated a delinquent and alleged to have violated her probation. In the instant case, R.A. was ordered held in a secure facility for seven days pending a fact-finding hearing on the probation violation. The court in doing so violated the twenty-four-hour limitation placed upon pre-hearing detention in Indiana Code section 31–37–22–6(4) for a child adjudicated a delinquent alleged to have violated her probation. As a result, we reverse the trial court's order requiring R.A.'s pre-hearing detention.

### III.  Commitment to the DOC on Modification

■ R.A. also contends, and the State concedes, that the juvenile court erred in

ordering her committed to the DOC for violating her probation. As noted above, the juvenile court must meet five conditions to modify an order that allows for the commitment of a repeat truant to the DOC. I.C. § 31–37–22–6; *see A.M.R. v. State,* 741 N.E.2d 727, 729–30 (Ind.Ct.App. 2000). One condition, mentioned above, is that a repeat truant cannot have been held in detention for more than twenty-four hours before the fact-finding hearing. I.C. § 31–37–22–6(4). The State concedes that R.A. was held in detention in a secure facility for more than twenty-four hours before the fact-finding hearing. Because not all of the conditions were met, the juvenile court lacked statutory authority to commit R.A. to the DOC for her probation violation.

We reverse the juvenile court's pre-hearing detention order and the order committing R.A. to the DOC.

SULLIVAN, J., concurs in part and dissents in part, with opinion.

DARDEN, J., concurs in part and dissents in part, with opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I concur in all respects of the lead opinion by Judge Baker except with regard to his conclusion that I.C. 31–37–7–1 "does not prevent detention in a secure facility when the child has been adjudicated to be delinquent and is *alleged to have violated her probation.*" Opinion at 379. (Emphasis supplied).

The provision in question prohibits detention in a secure facility of a child *alleged* to be a delinquent because of truancy. Notwithstanding that R.A. has already been adjudicated a delinquent on that basis, i.e. truancy, the detention in issue is not based upon that adjudication but rather upon an allegation of a yet to be adjudicated violation of her probation.

In any event, even if a detention in a secure facility is appropriate for an alleged repeat truant, I agree that such detention may not exceed twenty-four hours.

DARDEN, Judge, concurring in part and dissenting in part.

I concur as to the issue of mootness, for the same reason that I found it not to be dispositive in *W.R.S. v. State,* 759 N.E.2d 1121 (Ind.Ct.App.2001).

Whereas, I respectfully commend the majority on its extensive discussion of the statutory framework wherein our legislature provided sanctions applicable to juveniles who are adjudicated delinquents or truants. Nevertheless, I write because I do not concur in the broad sweep it has given Ind.Code § 31–37–22–6(4), to wit: that it "permits a child adjudicated a truant to be held in a detention facility up to twenty-four hours before a fact-finding hearing when it is alleged that the child has violated her probation by repeat truancy." Op. at 380. Specifically, I believe that such statutory detention follows upon five conditions having been met and that these conditions are the reasons the legislature has authorized the detention in a secure facility in such a case. To me, the most critical of these conditions precedent and the one which most specifically justifies the detention in a secure facility is that "*the child's mental and physical condition may be endangered*" if the child is not so detained. I.C. § 31–37–22–6(5). Because there was no finding of such circumstances in the case of R.A., I cannot agree that R.A. could have been so detained for even twenty-four hours. Therefore, as in *W.R.S.,* I would find that the

trial court erred in ordering the detention of R.A. before the fact-finding hearing.