v.

STATE of Indiana, Appellee–Petitioner.

No. 49A02–0304–JV–000295.

Court of Appeals of Indiana.

Nov. 14, 2003.

Rehearing Denied Jan. 22, 2004.

Elizabeth Gamboa, Franklin, IN, attorney for appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, attorneys for appellee.

## OPINION

MAY, Judge.

D.J. appeals his placement in the Kokomo Academy pursuant to the court's finding that D.J., while on a suspended commitment to the Department of Correction, violated the rules of probation for a second time. On appeal, D.J. questions whether the court abused its discretion by placing him in the Kokomo Academy, which is outside his county of residence. We affirm.

### FACTS AND PROCEDURAL HISTORY

D.J. is fifteen years old. In 2001, he and his siblings were found to be children

in need of services ("CHINS"). Also, in 2001, D.J. resisted law enforcement, which would be a Class A misdemeanor if committed by an adult.[1] D.J. was adjudicated a delinquent, placed on probation with a suspended commitment to the Department of Correction, and placed in therapeutic foster care. In June of 2002, D.J. returned from foster care to his mother's home.

In September of 2002, D.J. violated his probation by threatening his mother, refusing to do his chores, and missing school without an excuse. After D.J. admitted those acts, the court placed him on informal home detention. On January 24, 2003, D.J. again yelled at his mother, refused to follow her rules, refused to do his chores, and balled up his fist in a threatening manner toward his mother and siblings. In addition, D.J. had again missed school without a valid excuse. On March 3, 2003, D.J. admitted to violating his suspended commitment a second time. At a March 17th dispositional hearing, the court found the least-restrictive and appropriate placement for D.J. was at the Kokomo Academy in Kokomo, Indiana.

## DISCUSSION AND DECISION

D.J. claims the court erred by placing him in the Kokomo Academy. We have previously set out our standard of review in a juvenile case as:

> The choice of a specific disposition for a delinquent child is within the discretion of the trial court, subject to the statutory considerations of the welfare of the child, the safety of the community, and a statutory policy of favoring the least harsh disposition. We may overturn the trial court's disposition order only if we find that it has abused its discretion. An abuse of discretion occurs if the trial

court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*A.M.R. v. State,* 741 N.E.2d 727, 729 (Ind. Ct.App.2000).

First, D.J. claims the placement violates Ind.Code § 31–37–19–23, which provides:

> A court may not place a child who is a delinquent child under IC 31–37–1 (or IC 31–6–4–1(b)(1) before its repeal) in:
>
> (1) a community based correctional facility for children;
>
> (2) a juvenile detention facility;
>
> (3) a secure facility;
>
> (4) a secure private facility; or
>
> (5) a shelter care facility;
>
> that is located outside the child's county of residence unless placement of the child in a comparable facility with adequate services located in the child's county of residence is unavailable or the child's county of residence does not have an appropriate comparable facility with adequate services.

D.J. alleges the trial court should have placed him at Washington Place in Marion County because there is no evidence in the record to support a finding that Washington Place was not comparable to Kokomo Academy. We disagree.

D.J. acknowledges that the record indicates Kokomo Academy "is 'extremely secure and structured.'" (Br. of Appellant at 13 (quoting Tr. at 18)). D.J. also acknowledges that a "secure facility" is one that prohibits a juvenile's departure. (*Id.* at 13–14 (quoting Ind.Code § 31–9–2–114)). In contrast, the representative from Washington Place testified that it is "a therapeutic group home." (Tr. at 14.) In addition, the representative testified

---

1. Ind.Code § 35–44–3–3.

that, while at Washington Place, D.J. would be permitted to go to a regular Indianapolis public high school. Because Kokomo Academy is a secure facility and Washington Place is not, they are not "comparable" facilities for the purposes of Ind.Code § 31–37–19–23, and the trial court's decision to place D.J. at the Kokomo Academy, despite the availability of a placement at Washington Place, does not amount to an abuse of discretion.

■ Second, D.J. claims the court abused its discretion by placing him at the Kokomo Academy because it was not the "least harsh disposition available." (Br. of Appellant at 16.) Ind.Code § 31–37–18–6 provides:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>> (A) in the least restrictive (most family like) and most appropriate setting available; and
>> (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;
>
> (3) is least disruptive of family life;
>
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
>
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Again, D.J.'s argument presumes that Kokomo Academy and Washington Place are "comparable" facilities. Based thereupon, D.J. claims placement at Kokomo Academy is a harsher disposition because it is outside Marion County, which will greatly impede visits from his mother and participation by his mother in his treatment.

However, as we found above, the two facilities are not comparable.

■ The question then becomes whether there is sufficient evidence to support the trial court's decision to place D.J. in a secure, rather than unsecured, facility. The record indicates D.J. was having problems with aggression. He was yelling at his mother and refusing to obey her or do his chores. He was balling up his fist to threaten his mother and his siblings with physical violence. D.J. had a number of unexcused absences from high school. When he attends public high school, according to the probation office's addendum report, he is getting into trouble there. Given these facts, we cannot say the trial court abused its discretion by finding D.J. needed to be placed in an environment that provides "structure" and "accountability," (Tr. at 18) or by finding that the appropriate placement would be in a secure facility where D.J. would not be attending public high school.

Affirmed.

DARDEN, J., and BARNES, J., concur.