## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2016, 5:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.D.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

April 28, 2016

Court of Appeals Case No.
33A01-1509-JV-1522

Appeal from the
Henry Circuit Court

The Honorable
Mary G. Willis, Judge

Trial Court Cause No.
33C01-1503-JD-16

**Kirsch, Judge.**

[1] M.D. appeals his adjudication as a delinquent child for committing battery,[1] which would be a Level 5 felony if committed by an adult. He raises the following issue for our review on appeal: whether the juvenile court abused its discretion when it ordered him to serve time in secure detention. We dismiss as moot.

[2] In March 2015, M.D. and K.B. were both fourteen years old and attended New Castle Middle School in Henry County, Indiana. On March 9, 2015, K.B. had a bloody nose, and during seventh hour, M.D. began to flick K.B.'s nose as they lined up to leave the classroom. M.D. kept asking K.B if he wanted to fight. M.D. walked to the stairwell, waiting for K.B.; when K.B. approached, M.D. again asked him if he wanted to fight. K.B. responded, "No" and "nudged" M.D. out of the way. *Tr.* at 14. M.D. pushed K.B., and K.B. pushed him back. M.D. then grabbed K.B. and threw him down the stairs, causing K.B. to break his right wrist.

[3] On March 26, 2015, the State filed a petition alleging that M.D. was a delinquent child for committing battery, which would be a Level 5 felony if committed by an adult. At a fact-finding hearing held on July 31, 2015, M.D. admitted to flicking K.B.'s nose and to throwing him down the stairs, but M.D. claimed he was acting in self-defense. At the conclusion of the fact-finding

---

[1] *See* Ind. Code § 35-42-2-1(b), (f)(1).

hearing, the juvenile court entered a true finding for battery, which would be a Level 5 felony if committed by an adult. At a later-held disposition hearing, the juvenile court ordered M.D. confined to the Delaware County Detention Center for ninety days, all suspended except for three weekends.[2] M.D. now appeals.

[4] M.D. argues that the juvenile court abused its discretion when it ordered him to serve three weekends in secure detention because the goal of such detention was not to rehabilitate him. Our initial inquiry is to determine whether the doctrine of mootness precludes us from addressing M.D.'s contention. The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *R.A. v. State*, 770 N.E.2d 376, 378 (Ind. Ct. App. 2002) (citing *In re Lawrance,* 579 N.E.2d 32, 37 (Ind. 1991)). "When the controversy at issue in a case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed.'" *A.D. v. State*, 736 N.E.2d 1274, 1276 (Ind. Ct. App. 2000) (quoting *Dunn v. State,* 163 Ind. 317, 321, 71 N.E. 890, 891 (1904)). Here, the juvenile court ordered M.D. to serve three weekends in secure detention, which were specified as September 4 through 6, 2015, September 18 through 20, 2015, and September 25 through 27, 2015. *Tr.* at 77; *Appellant's App*. at 32. Thus, M.D. has already completed his time in

---

[2] Although in the dispositional order the juvenile court specified that five consecutive weekends would be served, only three weekends were set for secure detention and included as part of the conditions of probation. *Appellant's App*. 28, 32; *Tr.* at 77.

secure detention, and even if M.D. were to prevail in his argument, this court would be unable to render him any effective relief. We, therefore, conclude that this case is deemed moot and dismiss M.D.'s appeal.

[5] Dismissed.

[6] Riley, J., and Pyle, J., concur.