FILED

May 27 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.B.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 27, 2016<br><br>Court of Appeals Case No.<br>49A02-1509-JV-1372<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marilyn A. Moores, Judge<br>The Honorable Scott Stowers, Magistrate<br><br>Trial Court Cause No.<br>49D09-1506-JD-1015<br>49D09-1405-JD-1331<br>49D09-1209-JD-2586<br>49D09-1209-JD-2615<br>49D09-1209-JD-2653 |

**May, Judge.**

The trial court ordered J.B., a juvenile, to pay restitution in two cases. It reduced the restitution orders to civil judgments and added civil judgment fees. J.B. appealed the civil judgment order and corresponding fees. The State concedes there was error and remand is appropriate. During the pendency of this appeal, the trial court rescinded the challenged order, making moot the issue J.B. raised on appeal.[1] Because the issue is likely to recur and is of public importance, we address whether the trial court had authority to impose a civil judgment as part of a restitution order. It did not.

## Facts and Procedural History

The trial court determined J.B. violated his probation in causes 49D09-1209-JD-2653 (Cause 2653), 49D09-1209-JD-2615 (Cause 2615), 49D09-1209-JD-2586 (Cause 2586), and 49D09-1405-JD-1331 (Cause 1331). On August 14, 2015, the trial court held a disposition hearing where it ordered J.B. to pay restitution of $500.00 in Cause 2586 and $500.00 in Cause 2653.

The trial court reduced the restitution orders to civil judgments and added civil judgment fees of $252.50 and $315.63, respectively ("August 14 Orders"). On August 17, 2015, the trial court entered a separate judgment ordering J.B. to

---

[1] On April 1, 2016, J.B. filed a "Verified Motion to Address Issue Presented Under the Public Interest Exception to the Mootness Doctrine." (Motion at 1.) In it, J.B. references a trial court order dated March 1, 2016, in which the trial court rescinded its August 17 Order and ordered J.B. to complete the "Restitution Work Program." (Motion Exhibit A at 3.) As we address the issues presented in J.B.'s appeal under the public interest exception to the mootness doctrine, we grant J.B.'s motion contemporaneously with this opinion.

pay $500.00 in restitution for Cause 2586 and $500.00 in restitution for Cause 2653 and assessed a civil judgment fee of $250.00 ("August 17 Order").

[4] On August 20, 2015, J.B. filed a "Motion to Correct Error and to Rescind Order for Civil Judgement [sic] Fee." (App. at 533.) He asked the trial court to clarify whether the August 17 Order superseded the August 14 Orders and to rescind the civil judgment fees[2] assessed in both orders. On August 25, 2015, the trial court rescinded the August 14 Order but denied J.B.'s "request to not assess civil judgment fees." (*Id*. at 556.) The August 17 Order remained in effect, and thus J.B. owed a civil judgment of $1,250.00.

# Discussion and Decision

[5] After J.B filed this appeal, the trial court rescinded the August 17 Order that is the subject of this appeal. Thus, the issue J.B. raises is moot. A case should be

---

[2] In its brief, the State notes:

> What remains to determine is whether the trial court's denial of J.B.'s request not to assess civil judgment fees was made in order to impose court costs normally associated with the imposition of restitution, but simply mis-named. Put another way, there can be no "civil judgment" fees where there is no longer any civil judgment. If the costs are the correct amounts for court costs associated with the imposition of restitution, and the juvenile court simply intended to waive all other costs excepting those accompanying the restitution order, then the order is simply wrong semantically. If the costs are indeed and in fact and in effect civil judgment costs, then they have remained despite the fact that restitution cannot be reduced to a "civil judgment." Clarification on this point, and by extension remand, appears necessary.

(Br. of Appellee at 14.)

During the dispositional hearing, the trial court stated, "Show restitution reduced to civil judgment. The remaining Court fees will be waived." (Tr. at 97.) It is unclear from the record what the "civil judgment fee" referenced in the August 14 Orders and the August 17 Order encompasses, especially since the amount is different in each order. In addition, we were unable to locate, and the parties did not direct us to, statutory authority to assess a civil judgment fee.

dismissed as moot when no effective relief can be rendered to the parties before the court. *W.R.S. v. State*, 759 N.E.2d 1121, 1122-23 (Ind. Ct. App. 2001). However, a public interest exception to the mootness doctrine allows us to review issues of great public importance. *Id.* at 1123. The public interest exception is usually recognized in cases that involve issues likely to recur. *Id.* Whether a juvenile court may reduce a restitution order to a civil judgment has not been addressed in any published Indiana opinion. We accordingly address that issue.

[6] To determine the trial court's authority, we interpret the relevant statutes:

> Statutory interpretation is a question of law and is reviewed *de novo*, or without deference to the trial court's interpretation. *Curley v. Lake Cnty. Bd. of Elections & Registration*, 896 N.E.2d 24, 34 (Ind. Ct. App. 2008), *trans. denied*. "When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction." *State v. Prater*, 922 N.E.2d 746, 748 (Ind. Ct. App. 2010), *trans. denied*. "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Curley*, 896 N.E.2d at 34 (quotations omitted). "If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent." *Id.* (quotation omitted). "We review the statute as a whole and presume the legislature intended a logical application of the language used in the statute, so as to avoid unjust or absurd results." *Prater*, 922 N.E.2d at 748. "[W]e must consider not only what the statute says but what it does not say." *Curley*, 896 N.E.2d at 37. In other words, "we are obliged to suppose that the General Assembly chose the language it did for a reason." *Prater*, 922 N.E.2d at 750.

*M.M. v. State*, 31 N.E.3d 516, 519 (Ind. Ct. App. 2015).

[7]     Ind. Code § 31-37-19-5(b)(4) permits the trial court to "[o]rder the child to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." By contrast, a restitution order imposed in addition to any sentence for a felony or misdemeanor committed by an adult is a judgment lien[3] that:

> (1) attaches to the property of the person subject to the order;
>
> (2) may be perfected;
>
> (3) may be enforced to satisfy any payment that is delinquent under the restitution order by the person in whose favor the order is issued or the person's assignee; and
>
> (4) expires;
>
> in the same manner as a judgment lien created in a civil proceeding.

Ind. Code § 35-50-5-3. There is no judgment lien provision in the juvenile statute, and we decline to read into the juvenile code a provision not explicitly stated. *See Peele v. Gillespie*, 658 N.E.2d 954, 958 (Ind. Ct. App. 1995) (we may not read into a statute that which is not the expressed intent of the legislature),

---

[3] An order of restitution under Ind. Code § 35-50-5-3 "substitutes for the civil judgment which is normally the basis for a judgment lien." *Wininger v. Purdue Univ.*, 666 N.E.2d 455, 458 (Ind. Ct. App. 1996), *reh'g denied*, *trans. denied*.

*reh'g denied*, *trans. denied*.  The trial court therefore did not have authority to order J.B. to pay the restitution owed to his victims as a civil judgment.

## Conclusion

[8]     A trial court may not order a juvenile to pay restitution as a civil judgment because Ind. Code § 31-37-19-5(b)(4) does not permit it to do so.  However, since the trial court has rescinded the August 17 Order, we will not disturb the proceedings of the trial court.

[9]     Remanded.


Baker, J., and Brown, J., concur.