## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.P.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

April 17, 2018

Court of Appeals Case No.
02A03-1710-JV-2439

Appeal from the Allen Superior Court

The Honorable Daniel G. Heath, Judge

The Honorable Michael T. Douglass, Magistrate

Trial Court Cause No.
02D07-1708-JD-859

**Najam, Judge.**

# Statement of the Case

[1] J.P. appeals the juvenile court's dispositional order awarding wardship of him to the Department of Correction ("DOC"). He presents a single issue for our review, namely, whether the juvenile court abused its discretion when it placed him with the DOC. We affirm.

# Facts and Procedural History

[2] On August 9, 2017, ten-year-old L.R. approached then seventeen-year-old J.P. and asked him whether he had stolen L.R.'s bicycle. J.P. responded that he had stolen the bicycle. J.P. then pulled a handgun from his waistband, loaded it with a clip, and pointed it at L.R. J.P. quickly left the scene, and L.R. followed him to a residence at 912 Hamilton Avenue in Ft. Wayne, where a friend of J.P.'s lived. L.R. notified police, who found J.P. at the residence and questioned him. Officers found the handgun J.P. had used in the confrontation with L.R., which J.P. had hidden under a slide in the backyard of his friend's residence. The handgun was fully loaded, and officers later determined that it had been stolen.

[3] On August 11, 2017, the State filed a petition alleging that J.P. was a delinquent child because he had committed pointing a firearm, a Level 6 felony if committed by an adult, and dangerous possession of a firearm, as a Class A misdemeanor if committed by an adult. On August 17, J.P. admitted to the pointing a firearm charge, and the State dismissed the possession charge.

Following a dispositional hearing, the juvenile court ordered J.P. committed to the DOC. This appeal ensued.

## Discussion and Decision

J.P. contends that the juvenile court erred when it ordered him to be committed to the DOC rather than placed in a less restrictive setting. This court has explained the way in which we review a juvenile court's disposition as follows:

> "The choice of a specific disposition for a delinquent child is within the discretion of the trial court, subject to the statutory considerations of the welfare of the child, the safety of the community, and a statutory policy of favoring the least harsh disposition. We may overturn the trial court's disposition order only if we find that it has abused its discretion. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."

*J.J. v. State*, 925 N.E.2d 796, 801 (Ind. Ct. App. 2010) (quoting *A.M.R. v. State*, 741 N.E.2d 727, 729 (Ind. Ct. App. 2000)), *trans. denied*.

Indiana Code Section 31-37-18-6 (2018) provides as follows:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
>> (A) in the least restrictive (most family like) and most appropriate setting available; and

> (B) close to the parents' home, consistent with the best interest and special needs of the child;
>
> (2) least interferes with family autonomy;
>
> (3) is least disruptive of family life;
>
> (4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
>
> (5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

[6] Here, in support of his contention on appeal, J.P. "does not contest the trial court's findings of fact, only whether the findings support the judgment." Appellant's Br. at 16. In particular, J.P. maintains that a "120-day Court[-]ordered detention at [Allen County Juvenile Center ("ACJC")]," rather than commitment to the DOC, would satisfy his need for a structured environment and rehabilitation, as well as his need to "learn the logical and natural consequences of delinquent behavior." *Id.*; Appellant's App. Vol. II at 30.

[7] However, as the State points out, this was J.P.'s "ninth juvenile contact in a span of just four years," and J.P. has not responded to prior lenient dispositions. Appellee's Br. at 12 (citing Appellant's App. Vol. II at 16-20). After four arrests in one year for leaving home without a parent's permission, in 2015, J.P. was adjudicated a juvenile delinquent for committing burglary, as a Level 4 felony, if committed by an adult. The juvenile court placed J.P. at the ACJC following that adjudication and ordered a psychological evaluation and

outpatient substance abuse treatment, but he continued his delinquent behavior, including the instant pointing a firearm offense. At one point, J.P.'s mother contacted police and reported that J.P. was "out of control and he was threatening to shoot up the house and everyone in the home." Tr. at 9-10. Finally, it is notable that J.P. had accumulated only nine credits before dropping out of high school in February 2017, and he has never been employed.

[8]     In recommending that J.P. be placed at the DOC, the Probation Department concluded as follows:

> 1. [J.P.] has been the recipient of informal and formal probation supervision. He has not responded to probation supervision. [J.P.]'s behavior is chronic and escalating.
>
> 2. There is not another known relative [who] can provide the structure and supervision that [J.P.] desperately needs.
>
> 3. [J.P.]'s behavior is not [related to] a known mental health diagnosis. His behavior is dangerous. [J.P.] needs intensive structure and supervision that can be provided in a controlled environment.
>
> 4. [J.P.] needs the structure and supervision of the Department of Correction[]. He presents as a clear danger to himself and the community.

Appellant's App. Vol. II at 25. In light of the evidence, we hold that the juvenile court did not abuse its discretion when it ordered that J.P. be committed to the DOC.

[9]     Affirmed.

Robb, J., and Altice, J., concur.